IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Lydia Winterstein, | NO. C 02-05746 JW |
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY FEES** |
| Stryker Corporation Group Life Insurance Plan, et al., | |
| Defendants. | |

## I. INTRODUCTION

This action arose under the Employment Retirement Income Security Act, 29 U.S.C. § 1001 ("ERISA"). Lydia Winterstein ("Plaintiff"), a citizen of California, is the designated beneficiary of her mother's life insurance policy. The Defendants are Stryker Corporation and Stryker Corporation Group Life Insurance Plan (collectively "Defendants"). The Court entered judgment in favor of Plaintiff and against Defendants on January 19, 2006. Presently before the Court is Plaintiff's Motion for Attorney Fees. This Motion was heard before the Court on April 3, 2006. Upon consideration of the briefs filed to date and the oral arguments of counsel, Plaintiff's Motion for Attorney Fees is GRANTED IN PART.

## II. BACKGROUND

Plaintiff initiated this action to obtain supplemental life insurance benefits in the amount of $180,000 after the death of her mother, Blanca Winterstein ("Blanca"), on December 16, 2001. The Court first dismissed Winterstein's claim against Defendant Stryker Corporation for breach of fiduciary duty. The Court subsequently granted Defendants' motion for summary adjudication on the standard of review, finding the appropriate standard to be abuse of discretion. Upon the parties' filing of cross-motions for summary judgment, the Court entered judgment in favor of Defendants on January 27, 2004. (Defendants' Opposition to Plaintiff's Motion to Alter or Amend Judgment and for Attorney Fees, hereinafter "Opp'n," Docket Item No. 82, 2:6-26.)

Plaintiff appealed the Court's judgment. On November 28, 2005, the U.S. Court of Appeals for the Ninth Circuit reversed and remanded. Plaintiff filed an Attorney's Fees Application in the Ninth Circuit, requesting $212,485 for fees incurred on appeal. The Ninth Circuit held that Plaintiff is entitled to fees incurred on appeal, but determination of the amount of fees incurred on appeal is still pending before an appellate commissioner at this time. (Opp'n at 2:3-8.)

Pursuant to the Ninth Circuit's order, the Court entered judgment in favor of Plaintiff on January 19, 2006. (Plaintiff's Motion to Alter or Amend Judgment and for Attorney Fees, hereinafter "Mot.," Docket Item No. 75, 1:1-5.) On January 31, 2006, Plaintiff filed a motion seeking an award of attorney fees for the proceedings before this Court.[1] (Mot. at 1:6-9.) Defendants contend that Plaintiff's requests for attorney's fees are excessive and unreasonable in this case. (Opp'n at 15-22.)

## III. STANDARDS

A participant prevailing under ERISA in a suit to recover benefits may recover reasonable

---

[1] Plaintiff's motion also sought to amend the Court's judgment to include prejudgment interest. However, on March 31, 2006, the parties stipulated to taking the prejudgment interest portion of Plaintiff's motion off calendar and continuing the hearing on that matter until May 1, 2006. (Stipulation and Proposed Order Regarding Plaintiff's Motion to Alter or Amend Judgment and for Attorney Fees, Docket Item No. 89.) On April 12, 2006, the parties stipulated to withdrawing the pending motion for prejudgment interest and to determine money damages, with prejudice, and the Court entered its Order accordingly. (Stipulation and Order, Docket Item No. 92.)

attorney fees. 29 U.S.C. § 1132(g)(1). As a general rule, ERISA plaintiffs should be entitled to reasonable attorney's fees "if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Smith v. CMTA-IAM Pension Trust, 746 F.2d 598, 589 (9th Cir. 1984). The section providing for attorney's fees should be read broadly, allowing for recovery of attorney's fees "unless special circumstances would render such an award unjust." Nelson, 37 F.3d at 1392.

## IV.  DISCUSSION

As the prevailing party in this case, Plaintiff requests that the Court award her reasonable attorney fees pursuant to 29 U.S.C. § 1132(g)(1). (Mot at 5.) Defendants contend that Plaintiff is not entitled to attorney fees and, even if the Court finds Plaintiff to be so entitled, only a reasonable amount should be awarded. (Opp'n at 10, 14.)

The Court finds no special circumstances rendering an award of attorney fees unjust in this case, given Plaintiff's ultimate success in her claim. The Ninth Circuit's decision to grant attorneys fees to Plaintiff for legal work on the appeal is a separate matter from the fees Plaintiff seeks before the Court here. The Court finds that Plaintiff is entitled to reasonable attorney fees as outlined below.

1.   Number of Billable Hours

Plaintiff requests attorney fees for 373.95 hours. (Reply at 8:7-9.) Defendants objected to Plaintiff's request, contending that the number of billable hours is excessive and unreasonable. (Opp'n at 15-18.) Specifically, Defendants argue that since this case was not beyond the scope of an ordinary ERISA benefits claim, Plaintiff's counsel, Martin Snitow, spent an unreasonable number of hours amending the complaint, working on discovery, preparing a motion for summary judgment, preparing for oral argument, and preparing a second motion for summary judgment. (Opp'n at 15:7-8; 15-18.) However, earlier in the Opposition, Defendants analogize this case to one in which the matter was "a genuine and complicated issue," because the central issues here were decided

3

differently by two courts. (Opp'n at 5:2-5.)  As this case dealt with a complicated issue, there is nothing to indicate that the amount of time spent by Plaintiff's counsel was unreasonable. Moreover, because of the contingent nature of Mr. Snitow's fee arrangement, where anticipated compensation was not based on hours expended, it would not be unreasonable to assume that Mr. Snitow had little incentive to devote unnecessary time or effort to the case.

Defendants further contend that a 10% reduction in the number of billable hours should be applied, as Plaintiff's quarter-hour billing method is allegedly deficient.  Nothing in 29 U.S.C. § 1132(g)(2)(D) limits recovery of attorney's fees to billing increments by the tenth of the hour. Rather, the statute provides for "reasonable attorney's fees."  (29 U.S.C. § 1132(g)(2)(D).)  The Court finds Lopez v. San Francisco Unified School District inapposite here.  Lopez and Zucker v. Occidental Petroleum Corp., upon which Lopez relied, were class actions with thousands of hours billed, resulting in a significant disparity when quarter-hour billing was used rather than tenth-hour billing. (Lopez v. San Francisco Unified School District, 385 F. Supp.2d 981, 993 (N.D. Cal. 2005) citing Zucker v. Occidental Petroleum Corp., 968 F. Supp. 1396 (C.D. Cal. 1997).)  Given Mr. Snitow's long-time practice of billing by the quarter-hour and the *de minimis* difference between quarter-hour billing and tenth-hour billing at the lodestar rate determined below, the Court finds that billing by the quarter-hour is not excessive or inappropriate here.

2. Rate of Billable Hours

Plaintiff contends that she is entitled to a higher than "standard" rate of billable hours, seeking either Mr. Snitow's customary hourly rate of $375 with a multiplier, or a rate of $650 without a multiplier.  Defendants argue that Plaintiff's requested rates are "unreasonable in light of the rate prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  (Opp'n at 19:7-12.)

A reasonable attorney fee is the number of hours and the hourly rate that would be billed by "reasonably competent counsel."  See Yahoo! Inc. v. Net Games, Inc., 329 F.Supp.2d 1179, 1183 (N.D. Cal. 2004) (attorney fee applicants are entitled to an award sufficient to enable them to secure

4

reasonably competent counsel, but are not entitled to an award necessary to secure counsel of their choice). Moreover, a trial court has broad authority to determine the amount of reasonable attorney's fees appropriate under state law. Idaho Potato Com'n v. G & T Terminal Packaging, Inc., 425 F.3d 708 (9th Cir. 2005). See also PCLM Group, Inc. v. Drexler, 22 Cal. 4th 1084, 1095, 95 Cal. Rptr. 2d 198, 206 (2000) (applying CA Civil Code Section 1717).

The Court has reviewed Plaintiff's attorney's fees in this action and finds the requested rate of compensation, at either $375 or $650, to be excessive. In Yahoo! Inc. v. Net Games, Inc., a rate of $266 per hour for attorneys was found to be excessive based on the nature of the case. 329 F. Supp. 2d 1179. The court reasoned that although the plaintiff argued that the factual analysis was detailed and the legal analysis was complex, the plaintiff's description was plainly an exaggeration because the case "simply was not unusually complex." Id. at 1189. Although the instant case may have been complex, it does not warrant an hourly rate higher than the prevailing market rate for ERISA litigation cases in the San Francisco Bay Area. The market rate for ERISA benefit cases in the relevant geographical area ranges from $200 for attorneys with a lower level of experience, to $475 for attorneys with the highest level of specialized ERISA experience. (Opp'n at 20:1-4.) Plaintiff's counsel has 36 years of experience in the practice of law, but this was his first time handling an ERISA case. Based on Mr. Snitow's level of experience in ERISA matters, the market rate for ERISA benefit cases corresponds with that of the mean hourly wage of attorneys in the San Jose area. Accordingly, the Court finds it appropriate to adopt the formulae as set forth in Yahoo!, where the reasonable rate is calculated by dividing the mean hourly wage of attorneys in the San Francisco area by the ratio of net receipts to gross receipts. See id.

The Court will calculate the reasonable rate based on the mean hourly wage of attorneys in the San Jose area, and divide that number by the ratio of net to gross receipts using the most recent 2001 year data from the 2004-2005 Statistical Abstract. See United States Census Bureau, Statistical Abstract of the United States: 2004-2005, tbl 718, available at http://www.census.gov/statab/www/. Gross receipts totaled $91 billion and net receipts totaled $32

5

billion. This yields a ratio of net receipts to gross receipts of 0.352. The most recent data available from the Bureau of Labor Statistics ("BLS") describing hourly wages in the San Jose area are available at http://www.bls.gov/oes/current/oes_7400.htm#b23-0000. Dividing the most recent mean hourly wage for lawyers, $72.63/hr, by the ratio of net to gross receipts, 0.352, yields an estimate of $206.34/hr as the average market rate for lawyers in the San Jose area.

At the hearing on April 3, 2006, the Court expressed appreciation that Mr. Snitow provided a valuable service to his client by taking on this ERISA case despite the contingent nature of his attorney fees. However, Supreme Court and Ninth Circuit precedent prohibit enhancement of the lodestar rate for contingency fee cases regarding fee requests made under federal fee shifting statutes, such as 29 U.S.C. § 1132(g)(1). (See City of Burlington v. Dague, 505 U.S. 557, 561-62 (1992); Cann v. Carpenters Pension Trust Fund for N. California, 989 F.2d 313, 318 (9th Cir. 1993); Davis v. City & County of San Francisco, 976 F.2d 1536, 1549, vacated in part on den'l of reh'g by 984 F.2d 345 (9th Cir. 1993) (contingency should not be used as a factor in setting the lodestar rate, nor as a basis for enhancing the lodestar fee). Accordingly, the Court finds that the lodestar rate of $206.34/hr may not be enhanced to reflect a higher rate due to the contingent nature of the case.

The Court finds that Plaintiff is entitled to $77,160.84 in attorney fees, which is derived from multiplying the number of billable hours, 373.95, by the average market rate for lawyers in the San Jose area, $206.34/hr.

## V.  CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART Plaintiff's request for Attorney Fees, in the amount of $77,160.84.

Dated: April 24, 2006               /s/ James Ware

02cv5746fees                        JAMES WARE
                                    United States District Judge

United States District Court
For the Northern District of California

6

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Clarissa A. Kang ckang@truckerhuss.com
Martin S. Snitow snitow@aya.yale.edu
R. Bradford Huss bhuss@truckerhuss.com
Yana S. Johnson yjohnson@mofo.com

**Dated: April 24, 2006**                                                           **Richard W. Wieking, Clerk**

                                                    **By:_/s/ JW Chambers_____**
                                                    **Melissa Peralta**
                                                    **Courtroom Deputy**

**United States District Court**
For the Northern District of California