IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Lydia Winterstein,<br><br>    Plaintiff,<br><br>    v.<br><br>Stryker Corporation Group Life Insurance Plan, et al.,<br><br>    Defendants.<br>_____/ | NO. C 02-05746 JW<br><br>**ORDER GRANTING IN PART MOTION TO SET ASIDE ORDER RE: ATTORNEY'S FEES** |

## I. INTRODUCTION

On January 19, 2006, the Court issued judgment in favor of Plaintiff Lydia Winterstein and against Defendants Stryker Corporation Group Life Insurance Plan and others. Plaintiff then moved to alter and amend this judgment and for an award of attorney fees for work before this Court. In an Order dated April 24, 2006 ("April Order"), the Court granted Plaintiff's motion for an attorney fee award, allowing all hours claimed for work on this case and fixing the hourly rate at $206.34. Plaintiff moves for relief from the April Order pursuant to FED. R. CIV. P. 60(b). Plaintiff also moves for appointment of a neutral statistics expert and moves for additional fees for work related to the instant motion. The Court held a hearing on Plaintiff's Motion on June 16, 2006. Based on the parties' statements at the hearing and on the papers submitted, Plaintiff's Motion is GRANTED.

## II. BACKGROUND

In the interest of brevity, the Court refrains from recounting the complete background for the present motion. A comprehensive background may be found in the April Order (Docket Item No. 93.)

## III. STANDARDS

Federal Rule of Civil Procedure 60(b) provides that on motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect. . . . A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. In the Ninth Circuit, errors of law are cognizable under Rule 60(b). Gila River Ranch, Inc. v. United States, 368 F.2d 354, 356 (9th Cir. 1966). Further, the District Court has the power under Fed. R. Civ. P. 60(b)(1) to reconsider its award or costs. Liberty Mut. Ins. Co. v. EEOC, 691 F.2d 438, 447 (9th Cir. 1982).

## IV. DISCUSSION

**A.   Plaintiff's challenges to the Yahoo! method of fee calculation.**

In the April Order, the Court awarded fees to Plaintiff under ERISA § 502(g)(1), which provides for fee-shifting under the statute and prescribes the lodestar methodology for fee calculation when fee-shifting is utilized. The lodestar rate was fixed at $206.34 per hour based on the fee calculation method outlined in Yahoo! Inc. v. Net Games, Inc., 329 F.Supp.2d 1179, 1183 (N.D. Cal. 2004). The Yahoo! methodology utilizes Bureau of Labor Statistics data to determine the average market rate for attorneys in the San Francisco Bay Area, and this method is often used in the Northern District of California for determining a reasonable fee under federal fee-shifting statutes. See Yahoo! [Trademark Infringement], Navarro v. Gen'l Nutrition Corp., Case No. C 03-0603 SBA, 2005 WL 2333803 (N.D. Cal. Sept. 22, 2005) [violation of the Family Medical Leave Act of 1983], Willis v. City of Oakland, 231 F.R.D. 597 (N.D. Cal. 2005) [Rule 11 sanctions].

Plaintiff challenges the Court's use of the Yahoo! method to calculate a reasonable rate for

2

attorney fees on the basis that Yahoo! has never before been applied in an ERISA case. Further, Plaintiff argues that the Yahoo! method is inadequate in the instant case because it unreasonably fails to reflect the complexity of Plaintiff's ERISA claim. Finally, Plaintiff contends that the Court erred in failing to apply a multiplier to enhance Plaintiff's award to reflect the outstanding results Plaintiff achieved.

The lodestar amount is presumed to constitute a reasonable fee such that any upward or downward adjustments are the exception rather than the rule. D'Emanuele v. Montgomery Ward & Co., 904 F.2d 1379, 1383 (9th Cir. 1990). Yahoo! provides an objective methodology for determining the lodestar amount that is frequently applied in the Northern District of California. Further, factors included in the lodestar calculation may not provide a basis for application of a multiplier. These factors include novelty and complexity of the issues, the special skill and experience of counsel, the quality of the representation, the results obtained, and the superior performance of counsel. Blum v. Stenson, 465 U.S. 886, 898-890. Relying on Blum, the Ninth Circuit prohibits reliance on these subsumed factors in the enhancement of a lodestar rate through multipliers and considers such action an abuse of the trial court's discretion. D'Emanuele at 1384.

The Court has discretion to review and amend a fee award pursuant to Rule 60(b). Although this Court recognizes the value of Yahoo! in providing an objective method for setting a reasonable rate of compensation, that reliance on Yahoo! in the instant case produced an unjust result. Plaintiff typically charges approximately $375 per hour and Defendants previously suggested that a reasonable rate would be approximately $250 per hour. Consequently, the Court agrees that an award based on Yahoo!, which produces a rate substantially below Defendants' initial offer, is unfair to Plaintiff in the present circumstances.

The Court amends its finding in the April Order and fixes a fair rate of compensation for Plaintiff in this case at $300 per hour. This amended award establishes a reasonable rate of compensation for Plaintiff's counsel; it does not represent an enhancement of the original lodestar calculation.

**B.     Plaintiff's Motion for Appointment of a Neutral Statistics Expert**

Plaintiff contends that the Yahoo! method is statistically unsound.  As such Plaintiff requests that the Court appoint a neutral statistics expert to create a new method of fee calculation.  Although the Court may consider errors in the application of the law to a particular case under Rule 60(b), the Court declines to expand the scope of this inquiry into the statistical foundation of Yahoo!.  Accordingly, Plaintiff's motion requesting a Court-appointed statistics expert is DENIED.

**C.     Plaintiff's Motion for Additional Hours for Work on the Instant Motion**

Plaintiff also requests compensation for additional hours.  Inspection of the hourly log submitted by Plaintiff indicates that some of these additional hours may be within the scope of 29 U.S.C. § 1129(g)(1), and other of these hours are clearly not.  To the extent that Plaintiff requests compensation for hours related to research and writing the present Motion, Plaintiff's request is denied.  Plaintiff shall submit, on or before August 1, 2006, a revised declaration excluding non-recoverable hours in accordance with this Order.

## V.  CONCLUSION

The Court GRANTS Plaintiff's Motion for Reconsideration of the April Order and awards Plaintiff an hourly rate of $300 for 373.95 hours.  The Court DENIES Plaintiff's request for Appointment of a Neutral Statistics Expert.  Should Plaintiff wish to recover fees for additional hours beyond 373.95, Plaintiff shall file and serve a revised declaration regarding these additional hours in accordance with the findings in this Order by August 1, 2006.

Dated: July 10, 2006                                         /s/ James Ware
02cv5746fees2                                                JAMES WARE
                                                             United States District Judge

4

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Clarissa A. Kang ckang@truckerhuss.com
Martin S. Snitow snitow@aya.yale.edu
R. Bradford Huss bhuss@truckerhuss.com
Yana S. Johnson yjohnson@mofo.com

**Dated: July 10, 2006**                          **Richard W. Wieking, Clerk**

                                                  **By:_/s/ JW Chambers_____**
                                                  **Melissa Peralta**
                                                  **Courtroom Deputy**